## JOHN BURNS *vs.* SUSAN A. NEVINS.

A complaint alleged that on the 11th of Sept. 1851, the plaintiff became the owner in fee, by virtue of a sheriff's deed, of certain premises; and the plaintiff claimed that, as such owner, he was entitled to pay off and have assigned to him to protect his title, a prior mortgage on the same premises, held by the defendant, which the complaint stated the plaintiff had offered to pay off, and of which he had demanded an assignment. That the defendant was proceeding to foreclose such mortgage, and refused to assign it; and the plaintiff prayed for an injunction to restrain the sale of the mortgaged premises, and that the defendant might be compelled to assign the mortgage to the plaintiff, on being paid the amount due thereon. The answer of the defendant, by way of counter-claim, asserted that the defendant's husband, S. M. N., on the 29th of August, 1851, procured the sheriff's certificate, under which the plaintiff acquired his title, to be assigned to the plaintiff for his, (S. M. N.'s,) benefit, and furnished the money to the plaintiff to redeem the premises from a prior sale thereof by another judgment creditor. The answer also set out an agreement, signed by the plaintiff, of the same date with such redemption, reciting that the plaintiff had that day redeemed the said premises and held a judgment against S. M. N. for about $500, and covenanting that on the payment of that sum he, the plaintiff, would reconvey the said premises to the defendant, at any time within five years, on the payment of the sum paid on such redemption, with interest; the defendant to pay off the prior mortgage, and indemnify the plaintiff against the same. That the defendant had repeatedly offered to pay off the plaintiff's debt, and requested him to render a just account thereof; that the plaintiff had rendered an account, which the defendant deemed unjust, and she had offered to refer the same to arbitrators, which the plaintiff refused to do. The defendant prayed that such account might be settled, and that she might be permitted to pay the same to the plaintiff, and have the premises conveyed to her; and for affirmative equitable relief. *Held*, on demurrer, that the defendant's cause of action did not arise out of the contract, or transaction, set forth in the complaint as the foundation of the plaintiff's claim, and was not connected with the subject of the action; and was therefore not admissible as a counter-claim. SMITH J., dissented.

APPEAL from a judgment entered at a special term, overruling a demurrer to the defendant's answer. On the second day of May, 1846, Samuel M. Nevins executed a mortgage of certain premises described therein, to Evan Evans, to secure the payment of $600. This mortgage was afterwards assigned to the defendant, who, on the 5th of May, 1856, proceeded to foreclose the same by advertisement. The plaintiff

acquired title to said premises by virtue of a sale, upon an execution issued on a judgment against Nevins, the mortgagor, on the 11th of December, 1851. The plaintiff's title was subject to said mortgage. After the commencement of such foreclosure, the plaintiff tendered to the defendant the amount due upon the mortgage, with the costs of the foreclosure, and requested her to receive the same in payment thereof, which she refused to do, but continued, after such tender, the proceedings to foreclose said mortgage. The plaintiff thereupon commenced this suit, and in his complaint stated the above facts, and prayed judgment that the defendant be restrained from selling the premises ; that the mortgage might be assigned to him, and for general relief. The defendant, by her answer, admitted the foregoing facts, and stated that the mortgaged premises had been sold upon execution, prior to the 29th of August, 1851; that the mortgagor, wishing to redeem the premises from such sale, agreed with the plaintiff, he being a judgment creditor, to redeem the same, and convey the same to the defendant, on payment by her of the money paid on the redemption and the money due from the mortgagor, to him, at any time within five years. By this agreement, it was made a condition that the defendant should indemnify the plaintiff against the mortgage in question. The defendant further stated that she had offered to pay the plaintiff all such sums as should be found due to him, and had called upon him to make out a statement of his claim ; that the plaintiff had made out a statement which she (the defendant) believed to be incorrect; that she had offered to refer the same to arbitrators, which the defendant refused ; and is now willing to have it referred for adjustment, and demanded judgment that the plaintiff be required to convey the premises to her, upon payment of his claim. The plaintiff demurred to this answer as not stating facts sufficient to constitute a defense. Judgment was given for the defendant at the special term, from which the plaintiff appealed.

Burns *v.* Nevins.

*Wm. F. Cogswell,* for the appellant.

*Benedict & Martindale,* for the defendant.

JOHNSON J. The substantial question, presented by the demurrer, is whether any counter-claim to the plaintiff's cause of action is set up in the answer. Unless the facts there alleged constitute a counter-claim, the answer presents no defense whatever, and the plaintiff is entitled to judgment upon the pleadings.

This is not an action arising on contract, but is strictly one of equitable cognizance. The counter-claim, therefore, which the defendant is authorized to interpose, must be a cause of action arising out of the contract, or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (*Code,* § 150, *sub.* 1.) The legal relation of the parties, as presented by the complaint, is that of owner and incumbrancer of the premises covered by the mortgage, and nothing else. The contract, or transaction, set forth in the complaint as the foundation of the plaintiff's claim, is the mortgage upon the premises, and the attempt of the defendant to foreclose the mortgage, by proceedings under the statute, and thus divest the plaintiff of his title through the mortgage. The contract, which the defendant seeks to interpose, is one by which the plaintiff has agreed to sell the premises to the defendant and convey on certain conditions. This presents the parties in an entirely new relation, that of vendor and purchaser. And it is entirely clear that neither the contract, nor the cause of action arising upon it, if the defendant has any, arises in any respect out of the mortgage, or out of the proceedings of the defendant to foreclose such mortgage. It is an entirely separate and distinct transaction, and neither of the two causes of action has any dependence upon, or in any manner, that I can perceive, arises out of the other. The code, in allowing counter-claims in actions of this character, has adopted substantially, and almost literally, the rule

in regard to filing cross bills, under the former chancery prac- .
tice. The cross bill could only relate to matter touching the
matters in the original bill. (2 *Barb. Ch. Pr.* 127.) It could
not embrace new and distinct matter, not embraced in the
original bill; and if it did, no decree could be founded upon
such new matter. (*Galatian* v. *Erwin, Hopkins,* 48; *S. C.*
8 *Cowen,* 361.) The entire subject of the plaintiff's action is
this incumbrance, which, as the complaint alleges, the defend-
ant is attempting to foreclose, and which the plaintiff seeks
to cancel and remove. And how a cause of action for the
specific performance of a contract to sell and convey the prem-
ises, is connected with the subject of the plaintiff's action, it is
impossible for me to see. It is true that this mortgage is
mentioned in this contract. One of the conditions of the
plaintiff's obligation to convey the premises to the defendant
is, that the defendant shall pay and indemnify the plaintiff
against the principal and interest on the mortgage. This ob-
ligation to sell and convey is not a mutual undertaking be-
tween the parties. The plaintiff only is bound. The defend-
ant is under no obligation to pay the moneys mentioned in
the undertaking, or to indemnify against the mortgage, which
the plaintiff can enforce. It is wholly at her election within
a stipulated time. It does not appear from the answer that
the defendant has ever offered, or proposed, to indemnify the
plaintiff against this mortgage; nor does she now propose to
do so, by her answer. The defendant having become the as-
signee of the mortgage, was at liberty to offer to perform, ac-
cording to the conditions of the plaintiff's undertaking, and
in case the plaintiff refused to accept such offer, and to per-
form on his part, bring her action to enforce a specific per-
formance of the plaintiff's obligation; or she might elect to
abandon the contract on the plaintiff's refusing to perform,
and resort to her rights under the mortgage, and obtain title
to the premises by means of a foreclosure. But it must be
perfectly obvious that the defendant cannot do both. It is
impossible for a party to occupy such a position in one action;

on one hand resisting the plaintiff's claim, as owner of the fee, to remove the incumbrance, and insisting upon the right to foreclose, and thus cut off and destroy the plaintiff's title altogether; and on the other, insisting that the plaintiff shall be decreed to perform his obligation and convey the premises. If, under any circumstances, this contract might have been regarded as a counter-claim to the plaintiff's action to remove or extinguish the incumbrance of the mortgage, the defendant's proceeding to foreclose is so hostile to the contract that the court would be constrained to hold that the contract was rescinded by the defendant, and the plaintiff's obligations under it at an end. The proceeding to foreclose is only consistent with a relinquishment or rescission of the contract to convey on the part of the defendant.

The answer does not deny that the defendant is proceeding to foreclose the mortgage upon the premises, and that allegation in the complaint, therefore, stands admitted. The reason for that proceeding, it is to be inferred from the answer, is, that the plaintiff refused, on being requested, to perform the agreement to sell and convey on his part. The demurrer admits the answer to be true, and the fact is consequently established, for all the purposes of the issue of law now before us, that the defendant offered to perform on her part, at least so far as payment is concerned, and the plaintiff refused to perform on his part. This gave her a right of action for a specific performance, which she might have enforced; instead of which, however, she has resorted to her mortgage to obtain title. We cannot fail to see that her agreement to purchase, in which she was to indemnify the plaintiff against this mortgage, was in substance and effect, an agreement on her part to take a title from the plaintiff subject to the mortgage, and that this proceeding to foreclose is utterly subversive of that agreement, and a decisive step in abandonment of it. Having availed herself of the plaintiff's refusal to perform, as a reason or occasion for foreclosing the mortgage, and thus compelled him to come into court by action to protect his title against

it as a hostile claim, I do not see how she can now insist that the agreement to sell and convey is still obligatory upon him, so that it can be enforced specifically. In this aspect the contract is neither a legal claim nor a counter-claim against the plaintiff, now subsisting. To my mind this is very clear. But it is unnecessary to go this length in this case, and I prefer placing the decision upon the distinct ground that the defendant's cause of action, offered as a counter-claim, did not arise out of the contract, or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, and is not connected with the subject of the action. The substantial ends of justice can never, in my judgment, be promoted by the attempt to try one cause of action in favor of the plaintiff, and another in favor of the defendant, in a single action, where such causes of action have no natural or legal connection with, or relation to, each other. On the contrary I should be led to apprehend a confusion of principles, and serious detriment to the just rights of both. The experiment of cheapening and speeding the administration of justice, by such means, will be likely to end only in confounding rights, and subverting justice; and courts ought never to encourage it, unless constrained to do so, by some explicit requirement of the statute.

The judgment of the special term must therefore be reversed, and judgment ordered for the plaintiff as demanded in the complaint, with leave to the defendant to amend the answer on payment of costs.

STRONG J., concurred.

E. DARWIN SMITH, J., (dissenting.) When I overruled the demurrer to the answer in this case, I considered it very clear that the counter claim of the code was invented and designed for just such cases, and that the controversy between these parties could be, and ought to be, settled and disposed of in one suit, and the expense and trouble of a double litigation

thereby saved.   If this cannot be done, it seems to me very clear that the codifiers and the legislature have entirely failed in accomplishing the object they had in view in the provisions relating to the counter claim.   By subdivision two of section 149 it is prescribed that the answer of the defendant must contain " a statement of any new matter constituting a defense or counter claim, in ordinary and concise language without repetition."   By subdivision one of section 150, the counter claims in actions not upon contract for the recovery of damages must consist of " A cause of action arising out of the contract or transaction set forth in the complaint as the *foundation of the plaintiff's claim, or connected with the subject of the action.*"   The plaintiff's claim or cause of action, as the same is stated in his complaint, is as follows: That on the 11th of September, 1851, he became the owner in fee, by virtue of a sheriff's deed, of that date, of the premises described in the complaint, and he claims that as such owner he is entitled to pay off, and have assigned to him to protect his title, a prior mortgage on the same premises, held by the defendant, which he states he has offered to pay off and of which he has demanded an assignment.   He also states that the defendant is proceeding to foreclose this mortgage and refuses to assign it, and prays an injunction to restrain the sale of the premises embraced in such mortgage, and that by the order and decree of this court the defendant may be compelled to assign the mortgage upon being paid the amount due thereon.   This is the complaint.   The rights of the plaintiff all depend upon his ownership of the fee of the land in question.   Such title is the *foundation of the claim set up in the complaint.*   To protect this title he claims an assignment of the prior mortgage, and the right to pay it off, and asks the aid of this court to compel such assignment.   The answer of the defendant, by way of counter claim, to which the plaintiff has demurred, asserts that the defendant's husband, on or about the 29th of August, 1851, procured the sheriff's certificate under which the plaintiff acquired his title to be assigned to the

plaintiff for his (Nevins') benefit, and furnished the money to the plaintiff to redeem said premises under and from a prior sale thereof by another judgment creditor; and sets out an agreement signed by the plaintiff, of the same date of such redemption, reciting that the plaintiff had that day redeemed the said premises and held a judgment against said Nevins for about $500, and covenanting that on the payment of said sum, then exceeding $600, he, the plaintiff, would reconvey the said premises to the defendant, at any time within five years, on the payment of the amount paid on such redemption, with interest; the defendant to pay off the prior mortgage and indemnify the plaintiff against the same. The answer also states that the defendant had repeatedly offered to pay off the plaintiff's debt, and requested him to render a just account thereof, and also states that the plaintiff had rendered an account which the defendant deemed unjust, and she had repeatedly requested him to refer it to some person to settle amicably, which he had refused to do. She asks that such account may be settled, and that she may be permitted to pay the same to the plaintiff and have the premises conveyed to her, and for affirmative equitable relief.

The instrument of defeasance set out in the defendant's answer is directly connected with the plaintiff's title. It destroys it as a *legal title.* It show that it is a mere *mortgage.* The statements of this answer show that the plaintiff holds the legal title merely as a security for his debt and the sum he paid on the redemption. That the possession, and the equitable title, together with her right of dower (never cut off) in the premises are in the defendant. A deed with an agreement to reconvey, contemporaneously executed, are in equity treated as one conveyance and are considered a mere mortgage. (*Peterson* v. *Clark,* 15 *John.* 205. 2 *John. Ch.* 189. 1 *Washington's Rep.* 21. *Clark* v. *Henry,* 2 *Cowen,* 332.) If this answer does not set up a cause of action as a counter claim arising out of the transaction set forth in the complaint *"as the foundation of the plaintiff's claim* or

*connected* with the *subject of the action*," I cannot imagine a case where an answer would comply with this provision of the statute. If the plaintiff, instead of asking that the mortgage in question be assigned to him, had asked to be let into possession of the premises claimed in his complaint to belong to him in fee, can there be any doubt that the defendant might have set up this defeasance and the facts stated in his answer as a counter claim, and ask for affirmative relief against the plaintiff's title? Could not the defendants show that the plaintiff was a mere mortgagee, and offer to redeem and pay off this mortgage and have a reconveyance? And what is this answer less, in point of principle, than if such had been the prayer of the complaint? The codifiers in explaining to the legislature the meaning and intent of this counter claim say, " The first subdivision of this section (sec. 150) is intended to remove a doubt which has been sometimes expressed, whether affirmative relief can be given upon an answer setting up a defense which heretofore would have been accounted equitable only. For example, in the case of an action to dispossess an occupant of land, the defendant claims to occupy under a contract to purchase, and asks on his part for a judgment that the plaintiff give him a conveyance. It is the intention of the code that the whole controversy between the parties should be settled in one action, and that either plaintiff or defendant should have such relief as the nature of the case requires." (*Rep. of Comrs.* 1850, *p.* 267.) This case is within the principle of the one thus suggested. The subject matter of the controversy is the lot of land. The parties have conflicting or cross claims in respect to it. These claims can be, and should all be, settled in one suit. One decree can be made that will settle the whole controversy. (*Hunt* v. *Farmers' Loan Co.,* 8 *How.* 418. *Dobson* v. *Pearce,* 2 *Kern.* 156.)

In *Lemon* v. *Trull,* (13 *How.* 248,) at general term in the 4th district, Judge C. L. Allen, giving the opinion of the court, says in respect to the counter claim: " The cases have,

I think, settled down to the conclusion that when the defendant has a cause of action against the plaintiff upon which he might maintain a suit, such cause of action is a counter claim. The parties then have cross demands." This was said, obviously, of the cause of action upon contract, and sounding in damages under the 2d subdivision of section 150. But with the qualification that the cross demands or cause of action must relate to the same *subject matter* with that stated in the complaint, it is equally true in respect to the cause of action under the 1st subdivision of said section. The cases cited by Judge Allen, I think, fully sustain his conclusion. It was the obvious intent of the codifiers, and of the legislature, to open the largest door for the settlement of conflicting claims between the same parties in one action. The codifiers say, " The effect of the code is to open the door to remedies, without disturbing rights. It has not changed the rights of the parties. It has simplified and shortened their remedies." (*Rep. of* 1850, 4*th ch. on Practice and Pleadings*, 267.) This contrivance of a counter claim in sections 149 and 150 together with the provisions in section 274 for giving affirmative relief to defendants, were in furtherance of this purpose and of this policy. And it is the obvious duty of the court, in my opinion, to construe these sections most liberally to advance the remedy; and in furtherance of this policy. Whenever the court can see that complete justice can be done to the parties in respect to their claims and cross claims as set up in the pleadings, in one suit and by one decree, it should sustain the pleadings and amend and perfect the same for that purpose, as may be requisite, rather than turn either party out of court upon a technicality, and compel a double litigation. Under the former system, any action at law to enforce the legal title set up in the complaint in this action could have been met and restrained by a bill in equity setting up the defeasance stated in this answer and claiming to redeem, and for a reconveyance. And I can conceive of no form of action in equity founded upon the legal title set

up in such complaint, wherein the defendant might not have set up such defeasance in a cross bill, and have prayed for the same affirmative relief sought in the answer or counter claim covered by this demurrer. (*See* 2 *Cox,* 78; 1 *Hopkins,* 48; *White* v. *Buloid,* 2 *Paige,* 166; 3 *Atk.* 133.) It is suggested in argument that the defendant was in the wrong in commencing the foreclosure of the prior mortgage. This, I think, is so; but the court can take care of that question on the final decree, as the costs will be in its discretion, and the defendant can be charged with the costs. But this wrong cannot change the plaintiff's mortgage into a *legal title,* or divest the defendant of her right of redemption and reconveyance; for the law is well settled that " *once a mortgage always a mortgage.*" (*Harris* v. *Harris,* 1 *Verm. Rep.* 190; 2 *id.* 402. *Clark* v. *Henry,* 2 *Cowen,* 332.)

The demurrer is not well taken, in my opinion, and the order of the special term, overruling the same, should be affirmed.

Judgment reversed.

[CAYUGA GENERAL TERM, June 7, 1858. *T. R. Strong, Smith* and *Johnson,* Justices.]