## CURTIS *vs.* BARNES & HORTON.

Where matters in controversy between parties are mutually submitted to arbitration, and bonds to abide the decision of the arbitrators are mutually executed and delivered, and after the hearing before the arbitrators has been commenced, but before the same has been completed, one of the parties revokes the submission, and thereupon brings an action against the other party to the submission, to recover the claims so submitted, the latter may, in such action, recover by way of counter-claim the damages sustained by him by reason of the revocation, viz. the expenses paid for witnesses, on the arbitration, and such other legitimate expenses as would be recoverable in an action upon the bond.

APPEAL from a judgment entered upon the report of a referee. The action was brought against the defendants as copartners, transacting business as distillers, to recover the price of a steam engine and boiler, with certain castings, mill gearing and other goods, wares and machinery sold and delivered to the defendants; and for work and labor done by the plaintiff upon said steam engine, boiler, castings, &c.; and in transporting the same, and putting it up in the distillery of the defendants. The plaintiff claimed to recover the sum of $1512.99. The defendants, in their fourth answer, alleged that on or about the 14th day of February, 1857, the plaintiff and defendants entered into and mutually executed a written agreement and contract in writing, reciting the existence of a controversy between the parties relative to an account of the plaintiff against the defendants for a steam boiler, steam engine and machinery, sold and delivered by the plaintiff to the defendants, and matters growing out of the same, and which are the same account and matters specified in the complaint in this action; and by which agreement the plaintiff and defendants did submit the said controversy to the arbitrament of Elmore P. Ross, and did mutually covenant and agree to and with each other, that the award to be made by said arbitrator should in all things, by said parties and each of them, be well and faithfully kept and observed, and at the same time the plaintiff did make, execute and deliver to the defend-

ants, his certain bond and writing obligatory, under seal, bearing date on the 14th of February, 1857, in the penal sum of $1000 to be paid by the plaintiff to the defendants, to which payment well and truly to be made the plaintiff bound himself, his heirs, executors and administrators; the condition of which said bond and writing obligatory was, that the said plaintiff should well and truly submit to the decision and award of Elmore P. Ross, chosen arbitrator by said plaintiff and defendants, to arbitrate, judge and determine of and concerning an account of the plaintiff for steam boiler, steam engine and machinery, sold and delivered by said plaintiff to said defendants, and all claims and controversies growing out of the same whatsoever, then existing by and between the plaintiff and defendants, and which said accounts and claims on the part of the plaintiff were the same that are specified in the complaint in this action, and no other or different; and the defendants further alleged, that said plaintiff and defendants appeared before the said arbitrator, at his office in the city of Auburn, in person and by their counsel and with their witness, and the said arbitrator entered upon the hearing of the claims and accounts so submitted to him; and that the plaintiff, on the 21st of April, 1857, after the hearing before said arbitrator had been so commenced, and large expenditures had been incurred by the defendants for attendance before said arbitrator, and for witnesses and counsel before him, to, in and about the hearing of said matters of difference, violated his said agreement and his said bond and writing obligatory, and refused to abide by and perform the award and determination of said arbitrator; whereby the penalty of said bond became forfeited by said plaintiff to the defendants, and the defendants became and were entitled to, and did thereby demand judgment upon said agreement and upon said bond and writing obligatory, for the amount of the penalty of said bond, and for their damages to be assessed in the premises, which said damages amounted in the whole to a large sum of money, to wit, to the sum of $200, which the defendants claimed to

Curtis *v.* Barnes.

recover of the plaintiff in this action; and the defendants insisted that said submission was a bar to the maintenance of this action on the part of the plaintiff; wherefore the defendants demanded judgment in their favor for the sum of $5000, together with costs.

On the trial before the referee, the defendants, for the purpose of establishing the defense thus set up, offered to prove " what expenses were paid for witnesses on the arbitration, and all other legitimate expenses recoverable in an action on the bond." This testimony was objected to by the plaintiff's counsel, and the objection was sustained by the referee, and the testimony excluded. The referee reported that there was due to the plaintiff from the defendants the sum of $359.99; for which sum, with interest and costs, judgment was entered against the defendants, who thereupon appealed to the general term.

*Wm. Porter*, for the appellants.

*D. Wright*, for the plaintiff.

*By the Court*, E. DARWIN SMITH, J. The chief point presented upon this appeal arises upon the exception to the decision of the referee, overruling the proof offered by the defendants in support of the counter-claim set up in their 4th answer. It appears from the answer and reply, that all the matters in controversy between these parties, except so far as relates to this counter-claim, were mutually submitted to arbitration; that arbitration bonds in the penal sum of $1000 were mutually executed and delivered, to abide the decision of the arbitrator; that the parties appeared before the arbitrator and proceeded to the hearing before him; and that the plaintiff, after the hearing had been commenced and before it was completed, revoked the submission. The defendants claim to recover, by way of counter-claim, for the damages sustained by them consequent upon such revocation; and they

offered proof of the expenses paid for witnesses on such arbitration, and such other legitimate expenses as were recoverable in an action upon said bond. This proof was objected to, and overruled by the referee, and the defendants' counsel duly excepted.

The revocation of the submission to the arbitrator worked a forfeiture of the bond, and entitled the defendants to maintain an action thereon, in which they would have been entitled to recover all the costs, expenses and damages which they might have incurred in preparing for such arbitration. (2 *R. S.* 544, §§ 23, 24. 16 *John.* 205.) No question seems to have been made in respect to the items of damages or expenses which the defendants claim to recover upon this bond; but the objection is simply that a counter-claim for such damages and expenses was not admissible, and that the defendants were not entitled to recover the same in this action. The referee erred, I think, in his decision overruling the evidence offered. The defendants' claim seems to me to meet precisely all the requisites of a counter-claim, as the same is defined in § 150 of the code. It exists in favor of the defendants against the plaintiff, against whom a separate judgment might be rendered in an action arising out of the cause of action specified. This action arises on contract, and the claim of the defendants arises also on contract, and existed at the commencement of the suit, answering in this particular the precise description of a counter-claim, as specified in the 2d subdivision of § 150. The parties had cross demands which could be settled in one suit. (*Lemon* v. *Trull,* 13 *How.* 249. *Davidson* v. *Remington,* 12 *id.* 311. *Dobson* v. *Pearce,* 2 *Kernan,* 156. *Arndt* v. *Williams,* 16 *How.* 244.)

I think, also, that the referee erred in excluding the evidence offered, showing that the defendants refused to take the machinery relating to the mash wheel shaft and have it put up at their expense. This evidence was, I think, admissible, as favoring the defendants' construction of the contract as actually understood and carried into effect, and tending to show that

this work was not extra; and also, if it were extra work, as limiting the claim of the plaintiff to a recovery for the labor previously done thereupon. I do not think that there was any error committed by the referee in allowing the plaintiff to amend his complaint so as to include the charge in respect to the second boiler. This was within the general scope of the complaint, and it was a fit exercise of the discretion of the referee to receive the evidence in regard to it. It could be no surprise to the opposite party, and no such objection to it was suggested.

The judgment should be reversed and a new trial granted; costs to abide the event.

[Monroe General Term, December 5, 1859. *Welles, Smith* and *Johnson,* Justices.]