# Sprayberry *v.* The State, *use, &c.*

# Burks *v.* The State, *use, &c.*

### *Real Actions in Nature of Ejectment.*

1. *Sixteenth section lands; what necessary to fix title of, in the State.*—Under the act providing for the admission of Alabama into the Union, and the propositions therein contained, "that section number sixteen in every township, and where such section has been disposed of, other lands most contiguous to the same, shall be granted to the inhabitants of such township for the use of schools," which were accepted by the people, no other act on the part of the State or general government was necessary to separate the sixteenth section from the balance of the public domain; and a survey by the government identifies and distinguishes it.

2. *Lands granted in lieu of sixteenth section; what sufficient to vest title to, in the State.*—In order to invest the State with title to lands granted in lieu of sixteenth sections, legislation by Congress was necessary to select and identify such lands; and under the act of May 20, 1826, a mode of selection was provided, which required that the secretary of the treasury select other appropriate lands within the district in which such townships were situated, and it was declared when such lands were selected, they should be held by the same tenure and upon the same terms as the 16th section. Under this act, a selection of lands by the receiver of public moneys, of the district where the lands are situate, communicated to the commissioner of public lands, which had by the latter officer been communicated to the secretary of the treasury in accordance with instructions for that purpose, and approved by the secretary, vests the title to the lands thus selected in the State.

3. *Evidence; what admissible.*—A certified transcript from the general land office, showing a selection of lands for the benefit of a township, under the act of May 20, 1826, and its approval by the secretary as therein provided, is competent evidence to support an action of ejectment by the State, although such transcript fails to show on its face that the sixteenth section had been disposed of in the township to which the lands were allotted, the presumption being that all facts necessary to sustain the action of the secretary of the treasury existed; and the papers showing such selection being on file in the general land office, a certified transcript by the head of that department is admissible.

APPEAL from Coosa Circuit Court.

Tried before Hon. WILLIAM L. WHITLOCK.

These were real actions brought in the name of the State for the use of the public schools in township 23, range 20, to recover certain lands in township 24, range 20, in Coosa

county, Alabama. The plaintiff offered in evidence a certain certified transcript from the records of the general land office, which shows that on the 8th day of April, 1839, the commissioner of public lands communicated to the secretary of the treasury a list of tracts of land in Montgomery district, Alabama, selected fer the use of schools under the provisions of the act of the 20th of May, 1826. This list is signed by the receiver of public moneys at Montgomery, and embraces the land in question, as selected for township 23, range 20. It was approved by the secretary of the treasury, on the 10th of April, 1839. To the introduction of this transcript the defendant objected. His objections were overruled, and he excepted. This was all the evidence, and the court, at the request of the plaintiff, charged the jury, "that, under the evidence, they would find the issue for the plaintiff," and the defendant excepted.

W. D. Bulger, for appellant.—The exemplification of the record of the land office, without more, does not authorize a recovery by plaintiff. Plaintiffs sue to recover a part of section 17, township 24, range 20, for use of section 23, range 20, for school purposes. The court will observe that section 16 of every township is appropriated by the United States government to the townships for school purposes. The grant of section 16 is made by statute—act of Congress, March 2, 1819—and when the same has been sold, granted, or disposed of, other lands equivalent thereto, and most contiguous to the same, shall be granted to the same parties for such use. Then, before plaintiffs can recover, they must show the disposition of the 16th section, and a location on other and contiguous thereto, and a grant from the government to the same to them, or those under whom they hold, before recovery can be had. In the present case the land sued for is not contiguous to the 16th section of township 23, range 20, but are in a different township. It appears that the plaintiffs have failed to show any grant from the government, or that any of the contingencies existed authorizing the floating in other lands than the 16th section, or that the township suing has in any way failed to get its full 16th section.

S. J. Darby, contra.—The act of Congress of 1819, together with the ordinances of the convention accepting the propositions embraced in the act, clothed the State with the legal title to the sixteenth section in each township. - Lang v. Brown, 4 Ala. 622. In 1826 an act of Congress was passed appropriating other land in lieu of the 16th section when that section had been disposed of. This act provided the mode

of selecting the land, and provided that it should be held by the same tenure, and upon the same terms, for the support of schools in such township as section number sixteen is. This act required the secretary of the treasury to select the lands thereby appropriated, and when this duty was performed, the legal title vested in the State. The transcript from the land office was admissible.—See Code, §§ 3043, 3044, 3066; 25 Ala. 716. All the presumptions are in favor of the legality and regularity of the action of the secretary in selecting the lands in question.—2 Stew. 255. The defendant was a mere intruder, and as such can not question the regularity of the patent.—*Crommelin v. Winter,* 9 Ala. 594; see, also, *Dunklin v. Wilkins,* 5 Ala. 199; *Conico v. Riddle,* 21 Ala. 794.

BRICKELL, C. J.—These are statutory real actions, instituted in the name of the State, *for the use of public schools in township 23, range 20,* in Coosa county. The questions involved are the same in each case, and are dependent upon the same state of facts, differing in no other respect than that the actions are for the recovery of several parcels of land.

The act of Congress enabling the people of the territory of Alabama to form a constitution and State government, preparatory to admission into the union, submitted for the acceptance or rejection of the people, several distinct propositions, the first of which was "that the section numbered sixteen in every township, and when such section has been sold, granted, or disposed of, other lands equivalent thereto, and most contiguous to the same, shall be granted to the inhabitants of such township for the use of schools." These propositions were accepted by the representatives of the people in convention assembled. The proposed grant of the sixteenth section of every township, was subject to the exception of such sections as had been sold, granted, or disposed of; and then the proposition was, that other lands equivalent thereto, and most contiguous to these sections, should be granted. The proposition consequently assumes a two fold form. If the section sixteen had not been sold, granted, or disposed of, whenever it was surveyed and identified, the law intervened, perfecting the title of the State to that section. No act on the part of the State—none other on the part of the general government, was necessary to separate it from the public domain. The grant by the general government, which the State accepted, severs it, and the survey under the authority of the former, identifies and distinguishes it.—*Cooper v. Roberts,* 18 How. 173.

When, however, that section had been sold, granted, or disposed of, preventing the grant to the State from being operative, the proposition is, to grant other lands *equivalent thereto, and most contiguous to the same.* To render this grant effectual, legislation by Congress was necessary. A mode of selecting, appropriating, and identifying such lands must have been provided, or there would not have been a grant, no more than the bare promise to grant, without a designation of the subject on which the grant was to operate. By the act of May 20, 1826 (4 U. S. Statutes, 179), entitled "an act to appropriate lands for the support of schools in certain townships and fractional townships, not before provided for," in those States in which section number sixteen, or other land equivalent thereto, is by law directed to be reserved for the support of schools in each township, the townships in which section sixteen had been disposed of, were provided for, by directing and requiring the secretary of the treasury to select other unappropriated lands within the district in which such townships were situated; the act declaring, when such lands were selected, they " should be held by the same tenure, and upon the same terms, for the support of schools in such township, as section number sixteen is, or may be held, in the State where such township shall be situated." On the 24th of the same month, the treasury department, through the general land office, directed the registers of the different land districts to make selections of such lands, and return lists for the approval of the secretary of the treasury; subsequent instructions were issued to the registers, accompanied by printed forms and directions, so that the returns should be uniform, and the lands selected were required to be noted, and were reserved from entry and sale. If good lands could not be obtained in the township, the selection was authorized in the nearest adjacent township containing such lands.—*Campbell v. Doe,* 13 How. 244.

The lands now in controversy are not in township 23, but in the adjacent township of 24. The title of the State rests upon the claim that those lands had been by the secretary of the treasury selected under the act of May 20, 1826, for the use or support of schools in township 23. The evidence in support of the claim, was a certified transcript from the records of the general land office, which shows that on the 8th of April, 1839, the commissioner of public lands communicated to the secretary of the treasury, " a list of tracts of lands in Montgomery district, Alabama, selected for the use of schools, under the provisions of the act of 20th May, 1826." This list conforms to the printed forms and directions prescribed, and purports to be signed by the receiver

of public moneys, at the land office at Montgomery, and embraces the lands in controversy, as selected for township 23. It was approved by the secretary of the treasury on 10th of April, 1839.

Several objections were made to the admission of this transcript. The first of which is, that it does not appear therefrom, that the 16th section of township 23 had been sold, granted, or disposed of, by the United States, and therefore the fact on which the power of the secretary of the treasury depended, did not appear. That fact not appearing, the argument is, the selection was unauthorized, not clothing the State with the title.

The appellants do not claim title to the lands; so far as is shown by the records, they are mere intruders. Against them, however, the State could not recover without legal title, or a legal right to the possession of the lands. To what extent, and in what mode, one having acquired title, or color of title to the lands, from the general government, could dispute the regularity and validity of the proceedings of the secretary of the treasury, is not the question for consideration. The secretary of the treasury was, by the act of Congress, clothed with a large power, to be exercised in advancement of a settled and cherished policy, to aid the new States in the establishment of schools. The power, it is true, was special, and to be exercised only for the benefit of such townships as had not obtained the sixteenth section therein situate. If exercised in favor of other townships, to the prejudice of the government, or of individuals claiming under the government, the mode of vacation could easily be ascertained. Until the act of the secretary is vacated, it stands protected by the presumption, that all public officers, and especially one of the character and dignity of the secretary of the treasury, has properly performed his duty. If before acting, facts are to be ascertained, the presumption is, that he has ascertained the existence of such facts. The want of a recital in his official act, that such facts exist, does not avoid or detract from the presumption, nor would such recital add to its force.—*P. & T. R. R. Co. v. Stimpson,* 14 Pet. 458.

The next ground of objection is directed rather against the effect, than the admissibility of the transcript. It is, first, that the communication of the receiver of public moneys at Montgomery, Alabama, containing the list of lands selected, directed to the commissioner of public lands, and the communication of the commissioner to the secretary of the treasury, are not public documents, and hence there is no authority to certify them. The mode of selecting the lands,

[Sumter County v. The National Bank of Gainesville.]

under act of May 20, 1826, the secretary of the treasury must of necessity have prescribed. The act itself does not prescribe it, and these papers seem to conform to the regulations the secretary of the treasury adopted. The certificate shows, that these papers are of file in the general land office, and the statute renders them, when authenticated by the head of the department, admissible in evidence.—Code of 1876, §§ 3044–46.

The second ground of objection is, that some other act than the selection by the secretary of the treasury, is necessary to clothe the State with the legal title to the lands. This we have anticipated. No other act is necessary, than the approval by the secretary of the selection made by the register of the land district, under the instructions which had been given. The selection having been made and approved, the act of Congress confers the legal title.—*Kissell v. St. Louis Public Schools,* 18 How. 19; *Cooper v. Roberts, Ib.* 173; *Campbell v. Doe,* 13 How. 246. The tenure of the State is that upon which the 16th section is held, of which lands these are but the substitute and equivalent.

Let the judgments be affirmed.