## UNITED STATES v. COTTMAN CO. et al.

No. 6248.

United States Court of Appeals
Fourth Circuit.

Argued June 14, 1951.

Decided August 2, 1951.

Melvin Richter, Atty., Department of Justice, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Bernard J. Flynn, U. S. Atty., C. Ross McKenrick, Asst. U. S. Atty., Baltimore, Md., Samuel D. Slade and George F. Foley, Attys., Department of Justice, Washington, D. C., and Donald L. E. Ritger, Atty., Department of Treasury, on the brief), for appellant.

William A. Skeen and John H. Skeen, Jr., Baltimore, Md. (Skeen, Wilson and Coughlin, Baltimore, Md., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by the United States from an order dismissing a suit on a bond guaranteeing the payment of customs duties. A duty covered by the bond was assessed against a vessel pursuant to sec. 3114 of the Revised Statutes, 19 U.S.C.A. § 257, on account of repairs made in foreign ports; and it is admitted that this duty has not been paid. It was pleaded in defense that appellees had made an application for remission of the duty under sec. 3115 of the Revised Statutes, 19 U.S.C.A. § 258,[1] that they had not been afforded a proper hearing by the Secretary of the Treasury, and that the findings and action taken on the application by the subordinates of the Secretary were without legal effect. The District Court dismissed the suit upon a holding that the Secretary of the Treasury had not accorded appellees a proper hearing upon their application for remission.

The facts with respect to the application for remission are that upon the arrival of the vessel in Baltimore, the master executed an entry of repairs made upon the vessel in foreign countries amounting to $4,661.00. The Collector of Customs at Baltimore assessed a 50% ad valorem duty thereon, as required by the statute, amounting to $2,330.50. Appellees, thereupon, filed a petition, with supporting letters, for remission of the duty assessed on the ground that the repairs were compelled "by stress of weather or other casualty". The petition was denied. It was passed upon by the Collector of Customs at Baltimore and the Commissioner of Customs, pursuant to T. D. 51,584 (11 F.Reg. 14511) which provides: "Duties accruing under section 3114, Revised Statutes of the United States, as amended by section 466, Tariff Act of 1930, relating to equipment and repairs of vessels, may be remitted or refunded by the collector of customs concerned under the conditions specified in section 3115, Revised Statutes of the United States, as amended by section 466 of the tariff act, upon the receipt of an appropriate application for relief from such duties, but his refusal to remit or refund any such duties pursuant to a claim for relief under said section 3115, Revised Statutes, shall be subject to review by the Commissioner of Customs upon application therefor. The right and power so to remit or refund such duties is hereby conferred upon the several collectors and their successors in office."

The court below was of opinion that this delegation of authority by the Secretary was invalid and that before there could be a recovery on the bond it was necessary that there be a hearing before a "direct representative" of the Secretary with right of review before a District Court under the Administrative Procedure Act. In this we think there was error. There is no defense to the duty assessed unless it has been remitted by the Secretary, and he has not remitted it. The matter of remission has been committed to his discretion, which is not subject to review; and through his subordinates he has exercised the discretion to deny the remission. We think that authority in the matter was properly delegated to the Collector of Customs with review by the Commissioner; but, if not, this furnishes no defense to the collection of duty, since there has been no remission in any event. The courts are given no right of review in such matters under the Administrative Procedure Act,

1. That section provides:
"If the owner or master of such vessel furnishes good and sufficient evidence—
"(1) That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination; or

"(2) That such equipments or parts thereof or repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel, then the Secretary of the Treasury is authorized to remit or refund such duties * * *."

5 U.S.C.A. § 1001 et seq., for by express provision matters committed to agency discretion are excluded from review thereunder. If there is a right of review anywhere with respect to the assessment of the duty or its remission, it is in the Customs Court and not in the District Court.

█ It will be noted that the Secretary is not directed but is merely authorized to remit the duties assessed. The language of the statute, 19 U.S.C.A. § 258, is: "If the owner or master of such vessel furnishes good and sufficient evidence" etc., "then the Secretary of the Treasury is authorized to remit or refund such duties" etc. Notwithstanding the submission of the evidence required by statute, the duties should not be remitted in many cases, and exclusive and final authority to determine the matter is vested in the discretion of the Secretary. This discretion is not unlike that formerly vested in officials of the Treasury Department and now in the District Courts to remit or mitigate forfeiture of vehicles or aircraft incurred under the Internal Revenue laws, where a showing of certain facts is necessary to the exercise of the discretion but does not require its exercise. See 18 U.S.C.A. § 3617(b); United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300; C. I. T. Corp. v. United States, 4 Cir., 89 F.2d 977, 979. There can be no question, we think, but that the remission of duties assessed under the statute is a matter confided to the discretion of the Secretary, the exercise of which is final and not subject to review in any court; and this has been many times decided. Waterman Steamship Corp. v. United States, 30 C.C.P.A. 119; Mills & Gibbs v. United States, 8 Ct.Cust.App. 31; Portland California Steamship Co. v. United States, 13 Cust.Ct. 170, 174; Lykes Bros. v. United States, 6 Cust.Ct. 467; Hammermill Paper Co. v. United States, 48 Treas.Dec. 269; J. W. V. Berry v. United States, 57 Treas.Dec. 1067; M. H. Folger, v. United States, T. D. 12305, C. A. 1077; Pioneer Steamship Co. v. United States, 37

Treas.Dec. 338; William H. Ellery v. United States, 42 Treas.Dec. 405. As said in Portland California Steamship Co. v. United States, supra: "Upon the admission that the duty was levied upon the cost of repairs or equipment, there can be no remission thereof except within the scope of section 3115, as amended, supra, and there the sole authority for such remission is lodged in the Secretary of the Treasury. His discretion in the matter is not subject to review."

█ It is argued that the Secretary has not exercised the discretion vested in him by the statute because it is said that he may not delegate the exercise of the discretion to customs officials. We think this position unsound. The Secretary of the Treasury is charged with executive responsibilities of the highest character and it would be unreasonable to require that he personally hold hearings and pass upon the remission of custom duties under this statute. It is manifestly necessary that he delegate duties of this sort to subordinate officials in the Treasury Department;[2] and there could be no more appropriate delegation of the duty imposed by this statute than to those having charge of the collection of customs. And we think that such delegation is expressly authorized by statute. 5 U.S.C.A. § 281b(a) authorizes the Secretary of the Treasury to impose or confer upon the Commissioner of Customs or any officers of the Bureau of Customs any of the duties imposed upon him with respect to the importation or entry of merchandise into the United States. Repairs on vessels are not only reasonably classified as merchandise within the meaning of this provision, but are expressly so treated in the provision of the Tariff Act of 1930 authorizing the Secretary of the Treasury to prescribe rules and regulations for the declaration and entry of merchandise. 46 Stat. 728, 19 U.S.C.A. § 1498. If there were any doubt about the matter, the administrative construction of the Treasury Department should be determinative as it

2. See Wilcox v. McConnell, 13 Pet. 496, 513, 10 L.Ed. 264; Campbell v. Doe, 13 How. 244, 249, 14 L.Ed. 130; Hannibal Bridge Co. v. United States, 221 U.S. 194, 31 S.Ct. 603, 55 L.Ed. 699.

has existed for twenty years or more and thousands of cases, it is said, have been disposed of on the basis of the delegation of authority here questioned. See United States v. Jackson, 280 U.S. 183, 193, 50 S. Ct. 143, 74 L.Ed. 361; Norwegian Nitrogen Products Co. v. United States, 288 U. S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796; United States v. American Trucking Association, Inc., 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345; Adams v. United States, 319 U.S. 312, 314, 315, 63 S.Ct. 1122, 87 L.Ed. 1421.

Even if the delegation of authority by the Secretary to the customs officials were invalid, the position of appellees would not be helped. There would be a defense to the duty assessed only if the Secretary had remitted the duty, and this he has not done, whatever be said as to the authority of his subordinates in refusing to remit it. If the position of appellees as to the invalidity of the delegation of authority were sound, the failure of the Secretary to exercise the discretion vested in him might, in a proper case,[3] serve as the basis for a petition for mandamus against him in a court having power to issue writs of mandamus, but such failure could not possibly constitute a defense to an action in a District Court to collect the duty assessed.

■ Argument is made that action taken on a petition for remission of the duty is reviewable in the District Court under the provisions of section 5 of Administrative Procedure Act of June 11, 1946, 60 Stat. 239, 5 U.S.C.A. § 1004. This section, however, merely prescribes the procedure to be followed in cases falling within the coverage of the Act. Section 10 of the Act, 5 U.S.C.A. § 1009, is the section providing for judicial review; and

agency action committed by law to agency discretion is expressly excepted by this section from review under the Act. As we have seen, the remission of duty here was committed to the discretion of the Secretary, and consequently the Administrative Procedure Act can have no application.

If any matter in connection with remission of duties is reviewable for any reason by the courts, the review is in the Customs Court[4] and not in the District Court. 28 U.S.C. § 1583. Congress has provided a complete system of corrective justice with respect to matters arising under the customs laws, and clearly did not intend that resort should be had to other methods of redressing supposed wrongs occurring in the operation of laws relating to the collection of customs revenues. Cottman Co. v. Dailey, 4 Cir., 94 F.2d 85; Riccomini v. United States, 9 Cir., 69 F.2d 480, 484; Nichols v. United States, 7 Wall. 122, 130, 74 U.S. 122; Gulbenkian v. United States, 2 Cir., 186 F. 133, 135; David L. Moss Co. v. United States, 103 F.2d 395, 397, 26 C. C.P.A., Customs, 381. In the case last cited, the Court of Custom and Patent Appeals said with regard to the exclusive jurisdiction of the Customs Court: "It is the tribunal established by Congress in the provision of a complete system of corrective justice for the administration of the customs laws, and questions involving the validity of official action in the imposition and collection of duties are properly cognizable before it to the exclusion of other courts."

For the reasons stated, we think that there was error in dismissing the suit, that no matter constituting a defense was asserted by the answer and that upon the pleadings the United States was entitled to

3. In this case the request for remission of the duty was made to the Collector of Customs, and not to the Secretary direct. Even if this does not preclude appellees from questioning the authority of the Collector, it could not serve as the basis of relief against the Secretary if the delegation were void.

4. The holding in Waterman Steamship Co. v. United States, 30 C.C.P.A. 119 and

the other cases heretofore cited to the effect that the Customs Court has no jurisdiction of a controversy over the remission of the duty, is based upon the holding that power to make the remission is vested in the discretion of the Secretary. There is no suggestion in any of the cases that, if the matter were reviewable, the review would not lie in the Customs Court.

judgment on the bond for the duty assessed. The order appealed from will accordingly be reversed and the case will be remanded with direction to enter judgment in accordance with the prayer of the complaint.

Reversed and remanded with directions.