## COTTMAN CO. et al. v. DAILEY, Collector of Customs.
### No. 4236.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Roszel C. Thomsen and William L. Marbury, Jr., both of Baltimore, Md. (Walter L. Clark, and Marbury, Gosnell & Williams, all of Baltimore, Md., on the brief), for appellants.

C. Ross McKenrick, Asst. U. S. Atty., of Baltimore, Md., and Daniel I. Auster, Sp. Atty., Customs Division, Department of Justice, of New York City (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., and Joseph R. Jackson, Asst. Atty. Gen., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing for lack of jurisdiction a suit instituted to enjoin the defendant Collector of Customs from liquidating an entry at the port of Baltimore of certain phosphate rock, and assessing thereon a special dumping duty under the Antidumping Act of 1921, 19 U.S.C.A. §§ 160–173, based upon an appraisal which had already been the subject of extended litigation in the United States Customs Court and the United States Court of Customs and Patent Appeals. The opinion of the lower court is reported in D.C., 20 F.Supp. 142.

The phosphate rock with respect to which the dumping duty was assessed was imported from Morocco in four cargoes between August 4, 1927, and February 10, 1928. Under the Tariff Act of 1922 it was free of duty; but, on February 9, 1928, the Secretary of the Treasury made a finding and proclamation with respect thereto as prescribed by the Antidumping Act of 1921. The appraiser at Baltimore thereupon proceeded to conduct an investigation and make an appraisal as provided by the act and found a foreign market value of from $7.52 to $7.58 per ton, and a purchase price of from $4 to $5 per ton. Thereupon, there was appeal to reappraisement by the importer with appeals to the Customs Court and the Court of Customs and Patent Appeals, Cottman & Co. v. United States, 20 C.C.P.A., Customs, 344, with the result that the appeal to reappraisement has been dismissed and the Collector at Baltimore, unless restrained by the courts, will proceed to liquidate the entry by assessing duties in the amount of the difference between the foreign value of the phosphate rock and its purchase price as found by the appraiser.

The plaintiffs make three contentions: (1) That the Antidumping Act is unconstitutional because involving a delegation of

legislative power to the executive and as authorizing a finding of dumping without opportunity for hearing as to goods which had entered the country; (2) that the finding of dumping in this case is invalid because made under a regulation defining a sale at less than foreign market value or cost of production as being a sale at less than fair value within the meaning of the statute; and (3) that the appraisals upon which the antidumping duties will be assessed are invalid, notwithstanding the proceedings had in the Customs Court and the Court of Customs and Patent Appeals, because not based upon foreign market value, and that the Collector is, therefore, without statutory authority to proceed with the assessment of duties and liquidation of the entry. The last is their principal contention. The defendant, in addition to supporting the constitutionality of the statute and the authority of the Secretary to make the finding under the antidumping statute, takes the position that the plaintiffs have an adequate remedy at law for any grievance which they may have, that this remedy has been thoroughly tried and exhausted, and that the judge below was correct in holding that he was without jurisdiction to entertain the suit.

For an understanding of the contentions of the parties with respect to the litigation in the Customs Court and the Court of Customs and Patent Appeals, it is necessary that we briefly review that litigation, which was conducted pursuant to section 210 of the Antidumping Act of 1921, 19 U.S.C.A. § 169, providing the same right of appeal and protest to the Customs Court and the Court of Customs and Patent Appeals as is provided with respect to appeals and protests relating to customs duties under existing law, i. e., under the law as codified in 19 U.S.C.A. §§ 381 (1501), 398 (1514), 399 (1515), Tariff Act 1922, §§ 501, 514, 515, 42 Stat. 966, 969, 970, Tariff Act 1930, §§ 501, 514, 515. From the appraisal made by the appraiser at Baltimore there was an "appeal to reappraisement" to the Customs Court as provided by statute, and the case was heard by a single judge, who found the home market value of the phosphate rock in Morocco not to exceed the purchase price. This was affirmed on appeal to the Third Division of the Customs Court, composed of three judges, but was reversed on appeal to the Court of Customs and Patent Appeals because of its exclusion of certain evidence offered by the government. On the second hearing before the single judge of the Customs Court, there was another finding that the market value of the rock did not exceed the purchase price; but this was reversed on appeal to the Third Division of that court, and a judgment was entered by the Division which was crucial in the further progress of the case, and which disposes of most of the contentions which plaintiffs make before us. The concluding portion of the prevailing opinion, which sums up the decision, is as follows: "Since the evidence introduced in the cases at bar fails to establish the statutory foreign market value of the merchandise, the trial court should have weighed the evidence with a view to finding cost of production. Exhibit No. 5 is an affidavit which purports to show the cost of production of these importations. Upon inspection, we find that this exhibit fails to establish every element of cost of production as defined by section 206, quoted supra. *As there is no other satisfactory evidence of statutory cost of production in the record, the appeals might well have been dismissed by the trial court,* under authority of (citing cases). *Under the principle stated in the cited cases, such dismissal would reinstate the dutiable value returned by the appraiser in each of these cases.* We conclude, as a matter of law, that the decision of the trial court, published in Cottman v. United States, T.D. 44581, is contrary to the weight of the evidence, and is therefore reversed and the cause remanded for further proceedings consistent with our decision herein. Let judgment be entered accordingly." (Italics ours).

On appeal to the Court of Customs and Patent Appeals, this decision of the Customs Court was affirmed, that court saying: "As a result of these considerations we arrive at the conclusion that the court below did not err in finding that neither foreign-market value nor cost of production is shown by the record, and we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge." United States v. Cottman & Co., 23 C.C. P.A., Customs, 378. An application to the Supreme Court for writ of certiorari to review this decision was denied. 289 U.S. 750, 53 S.Ct. 695, 77 L.Ed. 1495.

When the case came on for hearing for the third time before the single judge of the Customs Court, he dismissed the "appeal to reappraisement," in accordance

with the direction of the Third Division affirmed by the Court of Customs and Patent Appeals. On further appeal to the Third Division, this decision was reversed on the ground that the single judge should have set aside the appraisement as void and should have dismissed the appeals as from nonexistent appraisements. On appeal to the Court of Customs and Patent Appeals, however, this third decision of the Third Division was reversed and the decision of the single judge affirmed; four of the five judges of the Court of Customs and Patent Appeals joining in the affirmance. Two of these judges in an opinion by Presiding Judge Graham based their decision on the ground that the second decision of the Third Division, affirmed by the Court of Customs and Patent Appeals, had become the law of the case and the action of the single judge was in accordance therewith. Judges Lenroot and Hatfield concurred in the view that the action of the single judge in dismissing the appeal should be affirmed, but based their concurrence on the ground that the dismissal and reinstatement of the valuations of the appraiser was correct as matter of law, without regard to the doctrine of "law of the case," saying: "The burden was upon the importer to establish that there was neither foreign value nor cost of production from which the appraiser could make a valid appraisement. Merely establishing that there was no foreign value was not the measure of the burden upon the importer. If such were the rule, an importer could win his case in any reappraisement proceeding by merely establishing that the particular value, foreign, export, etc., found by the appraiser was improper because the merchandise should have been appraised upon some other value. In the case at bar, when it was determined that there was no foreign value of the merchandise, the burden was still upon the importer to establish either the cost of production or that such cost of production could not have been determined by the appraiser. Upon the record before us, there is merely a deficiency of proof of cost of production; in other words, the appellee failed to sustain the burden upon it as to cost of production, and failed to establish that the appraisements were null and void. Hence the trial judge properly dismissed the appeals to reappraisement, and the appellate division erred in holding the appraisements null and void."

As the second decision of the Third Division held that "the "appeal to appraisement" should have been dismissed and that the dismissal would reinstate the appraisals, it is clear that treating that decision as the law of the case amounted to the same thing as affirming the decision of the single judge for the reasons given in Judge Lenroot's opinion, the only difference being with respect to the duty of the single judge to hear further evidence; but as the importer offered no further evidence before the single judge, that difference in the opinions, while important in the law of procedure, was not important with respect to the particular case before the court. The result of the decisions of the Court of Customs and Patent Appeals, therefore, is that the "appeals to reappraisement" under the statute were dismissed for failure of the importer to carry the burden of proof as to cost of production in a country where there was no free market, and that the appraisals appealed from were thereby reinstated. Application was made to the Supreme Court for certiorari to review this last decision of the Court of Customs and Patent Appeals, but was denied. 299 U.S. 566, 57 S.Ct. 27, 81 L.Ed. 416.

■ We agree with the learned judge below that the District Court had no jurisdiction of the cause. Congress has provided a complete system of corrective justice with respect to matters arising under the customs laws. If an importer is dissatisfied with an appraisal, he may appeal to the Customs Court; his appeal staying liquidation meanwhile. 19 U.S.C.A. §§ 381 (1501). If dissatisfied with a decision of the Collector, may pay under protest and have a review of the decision with appeal to the Customs Court. 19 U.S.C.A. §§ 398, 399 (1514, 1515); United States v. Sherman & Sons Co., 237 U.S. 146, 152, 35 S.Ct. 520, 59 L.Ed. 883. In either case, review by the Court of Customs and Patent Appeals is provided. 28 U.S.C.A. § 310. "This system of corrective justice being complete in itself, it must be concluded that Congress did not intend to allow any other method to redress supposed wrongs occurring in the operation of the laws in relation to the collection of [customs] revenues." Riccomini v. United States, 9 Cir., 69 F.2d 480, 484; Nicholl v. United States, 7 Wall. 122, 130, 19 L.Ed. 125; Gulbenkian v. United States, 2 Cir., 186 F. 133, 135.

We do not mean to say that cases may not arise where a District Court may properly enjoin acts by the Secretary of the Treasury or his assistants, when they are threatening action beyond the scope of their authority which because of extraordinary and exceptional circumstances may result in irreparable injury to a complainant. Cf. Waite v. Macy, 246 U.S. 606, 38 S.Ct. 395, 62 L.Ed. 892; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. But the assessment of duties on imports which may be paid under protest and recovered in the manner provided by Congress does not present such a case; for there the remedy provided by Congress is adequate even though the duties assessed be illegal or unconstitutional. The mere fact that the act of Congress is alleged to be unconstitutional or the imposition of the duty beyond the statutory power of the Secretary of the Treasury or his assistants does not present a case for equitable interference where such legal remedy is provided. See Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; White Packing Co. v. Robertson, 4 Cir., 89 F.2d 775, 777; Id. D.C., 17 F.Supp. 120, and cases there cited. Section 3224 of the Revised Statutes, 26 U.S.C.A. § 1543, forbids the maintenance of any suit for restraining the assessment or collection of any tax "unless by some extraordinary and entirely exceptional circumstance its provisions are not applicable." Dodge v. Osborn, supra, 240 U.S. 118, 122, 36 S.Ct. 275, 276, 60 L.Ed. 557. In the case at bar there is no allegation of such "extraordinary and entirely exceptional circumstance" as would take the case outside the general rule. On the contrary, it clearly appears that the principal ground of contention, i. e., the effect of a controlled foreign market on the determination of foreign value under the Antidumping Act has already been fully litigated. The case is clearly one for the application of the rule well stated in United States v. Sherman & Sons Co., supra, 237 U.S. 146, at page 152, 35 S.Ct. 520, 522, 59 L.Ed. 883, as follows: "The government will not allow foreign goods to be brought into this country and then litigate with the importer as to the amount of duty. Neither bond, nor security, nor retention of the goods during litigation, will dispense with the necessity of payment. The duty, as assessed by the collector, must be paid in any event,—not only as a condition of the goods being entered, but also as a condition of the right to file a protest. When that has been done, Congress, in order to prevent injustice, has given the importer, who thus pays and protests, the right to bring the goods into the United States, has granted him the opportunity to review the finding of the collector and has also given him the promise of a refund in case the collector is found to have made an overcharge (36 Stat. at L. 103, chap. 6, § 28, subsec. 23). But this right of review is not an appeal in ordinary course of law and can be exercised only in the statutory method, on statutory conditions before special statutory tribunals of limited jurisdiction."

What we have said as to lack of jurisdiction applies to all of the gounds upon which plaintiffs ask relief; but as to their principal ground, i. e., that they have been denied a proper review of the appraisal upon which the Collector is about to liquidate the entry and assess duties under the Antidumping Act, there is another reason why the court below could not inquire into that matter. It had been adjudicated by a court of competent jurisdiction; and the judgment of that court was not subject to review in the District Court. There can be no question but that the Customs Court had full and complete jurisdiction to pass upon all of the questions raised by the "appeal to reappraisement" of the plaintiffs; and a reading of the various decisions of the Customs Court and the Court of Customs and Patent Appeals will leave no doubt that all of these questions were fully considered from every angle. Under such circumstances to enjoin the Collector from liquidating the entry and assessing the proper duties pursuant to the appraisal would be to reverse the decision of the Court of Customs and Patent Appeals, a thing which the Supreme Court had power to do but refused to do on application for certiorari, but which neither the court below nor this court has any power to do. 28 U.S.C.A. §§ 41 (5), 308. Where a judgment is entered by a court of competent jurisdiction, with respect to a matter in controversy before it, such judgment is binding upon the parties and may not be reviewed by another court of co-ordinate jurisdiction under guise of exercising the injunctive power. See Ritholz v. North Carolina State Board of Examiners, D.C., 18 F.Supp. 409, 413; Baltimore & O. R.

Co. v. Board of Public Works, D.C., 17 F.Supp. 170, 176.

For the reasons stated, the decree dismissing the bill for lack of jurisdiction will be affirmed.

Affirmed.