**PATCHOGUE–PLYMOUTH MILLS CORPORATION v. DURNING, Collector of Customs.**

**No. 85.**

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

42

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, Asst. U. S.

Atty., of New York City, of counsel), for appellant.

Harry G. Herman, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Certain imported wools were withdrawn by the plaintiff from a bonded warehouse between September 3, 1927 and June 17, 1929. The plaintiff used them in the manufacture of yarns which it in turn used to manufacture carpets. The tariff acts of 1922 and 1930, 42 Stat. 904, § 1, par. 1101; 46 Stat. 646, par. 1101, 19 U.S.C.A. § 1001, par. 1101, provided for the remission or refund of such duties "if within three years from the date of importation or withdrawal from bonded warehouse satisfactory proof is furnished that the wools * * * have been used in the manufacture of yarns which have been used in the manufacture of * * * carpets, * * *". The plaintiff filed proof of the use of the wools for making such yarn but it was considered insufficient because too late and remission of duties was denied. It then paid them under protest after failing to secure an agreement to an offer of compromise.

Alleging certain facts upon which it based its contention that the required proof had been furnished within the time allowed and alleging that refund of the duties paid had been refused, the plaintiff brought this suit to recover them. The defendant denied that such proof had been furnished within the required time. Decision turned on the effect of certain proclamations of the President to extend the time for furnishing such proof. The plaintiff prevailed below and the defendant has appealed.

■ Although the question of jurisdiction was not raised in the district court, it has been here and we must deal with it before going to the merits. Sec. 514 of the 1930 Tariff Act, 19 U.S.C.A. § 1514, provides, with exceptions not now material, that all decisions of the collector "including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character * * *" shall be final and conclusive unless the importer, consignee, or agent of the, person paying the charge or exaction determined by the collector shall file a protest within sixty days after the decision; and Sec. 1515 of 19 U.S.C.A. provides that the collector shall review his decision and if he affirms it shall transmit the record to the Customs Court for assignment and determination as provided by law. Such determination is made final and conclusive upon all persons unless a timely appeal is taken to the Court of Customs and Patent Appeals.

■ It is argued that the above statutes relate only to disputes involving the rate and amount of duties but obviously as the exactions sought to be recovered were made in the guise of duties payable at a certain rate and to a certain amount the dispute is whether any rate was applicable to any amount. It is also urged that the plaintiff could not have filed a protest because it was not the "importer, consignee, or agent of the person paying such charge." It is doubtful whether the complaint can be read to that effect. It is flatly alleged that "the defendant herein improperly and unlawfully exacted from the plaintiff" the sum for which this suit was brought "and improperly retained said sum, although the plaintiff herein has duly demanded from the said defendant the return of said amount". That shows that the plaintiff paid the duties. Exhibit A annexed to the complaint shows a transfer certificate number for each withdrawal but even if that could be treated as an allegation that plaintiff was a transferee and neither the importer nor consignee it could not affect the allegation that it was the person who paid the charge. To be sure the statute speaks of the agent of the person paying such charge but that includes the principal for otherwise substance would be subordinated to mere language and the absurd result would be reached that an agent would be given power to file a protest for a principal who, not being empowered to file one himself, could have no authority to authorize an agent to do it. Besides that, this plaintiff is a corporation which had to act by its agents.

■ Moreover, Secs. 307–310 of 28 U.S.C.A. show that it was intended to have litigation regarding revenues derived from customs conducted in the customs courts. In Sec. 14 of the Customs Administration Act of 1890 (26 Stat. 137) provision was made for the filing of a protest by the "owner" of such merchandise as well as by others named. This was so also after the amendments of 1909 and 1913, 36 Stat. 100 and 38 Stat. 187. "Owner" was left out of

the corresponding section of the Tariff Act of 1922 (42 Stat. 969, § 514) and that omission was followed in the Act of 1930, 19 U.S.C.A. § 1514. But in Sec. 15 of the Act of 1890 (26 Stat. 138) the owner was one of those given the right to appeal from the board of appraisers to the circuit court and in 28 U.S.C.A. § 310, its successor, the owner still remains as one to whom the right to appeal is accorded. Before any appeal can be taken, of course there must have been filed a protest which is the initial pleading in litigation in a customs court and so we think this legislative history gives additional and overwhelming ground for holding that the owner has the right to file a protest. Consequently, the district court had no jurisdiction since the jurisdiction of the customs courts was complete and exclusive. United States v. Sherman & Sons Co., 237 U.S. 146, 152, 35 S.Ct. 520, 59 L.Ed. 883; Cottman Co. v. Dailey, 4 Cir., 94 F.2d 85; Riccomini v. United States, 9 Cir., 69 F.2d 480.

Judgment reversed with directions to dismiss the complaint for lack of jurisdiction.