**CROTON WATCH CO., Inc.**

v.

**LAUGHLIN et al.**

**No. 100, Docket 22869.**

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1953.

Decided Nov. 12, 1953.

**94**

Kane, Dalsimer and Kane, New York City, for appellant; David S. Kane, Philip T. Dalsimer and Haynes N. Johnson, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., for Frank B. Laughlin, appellee; Samuel R. Pierce, Jr., Asst. U. S. Atty., New York City, of counsel.

H. C. Bierman, New York City, for Movado Watch Agency, Inc., appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This litigation resulted from the refusal of the acting collector of customs at the port of New York, in reliance upon 15 U.S.C.A. § 1124 and 19 U.S.C.A. § 1526 to permit the plaintiff, Croton Watch Company, Inc., a New York Corporation, to import Swiss watches or watch movements bearing the words "Nivada Grenchen." Section 1124 provides:

"No article of imported merchandise * * * which shall copy or simulate a trade-mark registered in accordance with the provisions of this chapter * * * shall be admitted to entry at any customhouse of the United States * * *."

Movado Watch Agency, Inc., also a New York corporation, imports Swiss watches and is the owner of a registered trade-mark, No. 394,192, which depicts a hand holding a watch with the name "Movado" appended. When the Movado company learned in November 1952 that the Croton company was advertising that it intended to import and distribute watches and watch movements marked "Nivada Grenchen," it notified Croton to cease using the mark "Nivada" and complained to the acting collector that the mark "Nivada," even if used with the name Croton, was confusingly similar to its registered trade-mark "Movado." Under date of June 3, 1953 the acting collector wrote the Croton company that he had been instructed by the Bureau of Customs to deny entry to watches and watch movements marked " 'Nivada' alone or associated with any other word or mark unless written consent for the importation is obtained from the trademark registrant." [1] Shortly thereafter

1. Section 1526, 19 U.S.C.A., permits importation with the registrant's consent.

the acting collector refused entry to a shipment consigned to the Croton company containing movements marked "Croton Nivada Grenchen." Thereupon the Croton company brought the present action against the acting collector and the Movado company. It is a declaratory judgment action for a declaration that the name "Nivada Grenchen" is not a copy nor simulation of the name "Movado," that the action of the acting collector in refusing entry to the plaintiff's merchandise is arbitrary and unauthorized by law, and that an agreement made in 1939 between the Movado company and a predecessor of the plaintiff was valid and binding upon the Movado company.[2] The complaint also prayed for a preliminary and permanent injunction restraining the acting collector from prohibiting the importation by plaintiff of watches or watch movements bearing the name "Nivada Grenchen," and directing the Movado company to file with the Bureau of Customs and acting collector Laughlin its written consent to such importation. Before answers by the defendants, the plaintiff moved upon its complaint and supporting affidavits for a preliminary injunction. In opposition to the motion the Movado company filed affidavits to the effect that the contract it made in 1939 with plaintiff's predecessor was non-assignable; and that in an opposition proceeding in 1944 against registration of the trade-mark "Nivada," the Patent Office had ruled that there was likelihood of confusion between the marks "Nivada" and "Movado."[3] The

plaintiff's motion was denied as to the acting collector on the ground that granting the injunction would be equivalent to a writ of mandamus, "which this court lacks jurisdiction to grant," and as to the Movado company on the ground that the relief sought "in essence, asks for specific performance of an alleged contract between such defendant and a predecessor of plaintiff."

The basic issues presented for decision by the motion for a preliminary injunction against defendant Laughlin were whether the words "Nivada Grenchen" copy or simulate Movado company's registered trade-mark, and whether Laughlin acted beyond his statutory authority in prohibiting plaintiff's importation of watches bearing those words. The district judge made no determination of these issues, nor does Laughlin's brief on appeal argue that they should have been decided in his favor. He contends only that the court lacked jurisdiction. His argument urges four points: (1) The relief sought requires the granting of a writ of mandamus; (2) the suit is really against the United States and it has given no consent to be sued in the district court; (3) the Commissioner of Customs is an indispensable party; (4) if the suit can be brought without joining the Commissioner of Customs, the Customs Court has exclusive jurisdiction by reason of 28 U.S.C.A. § 1583.

None of these contentions is sustainable in our opinion. Reliance on 28 U.S.C.A. § 1583 to establish that the Customs Court has exclusive jurisdiction

---

2. The 1939 agreement was made in settlement of an action brought by Movado Watch Agency, Inc., against William C. Horowitz for infringement of its trademark "Movado." Horowitz was the Croton Watch Company's predecessor in business. Paragraph 1 of the agreement reads as follows:

"1. The Second Party [Horowitz] will not, except as herein expressly agreed, manufacture, purchase or import for sale nor sell nor offer for sale any watches, watch cases or watch movements bearing the name Nivada, standing alone. The Second Party, however, may, without objection from the First Party [Mo-

vado Watch Agency, Inc.] use the said name Nivada in combination with or followed by the word Grenchen or the word Granges (the name Granges being the French form of the name of the town in Switzerland in which Nivada S.A. has its factory), and on watch movements the initials 'S.A.' may be inserted between the word Nivada and the word Grenchen or Granges, in order to comply with United States Customs requirements." (Names of parties supplied.)

3. Neither the plaintiff nor its predecessor in business was a party to the opposition proceeding.

is misplaced.[4]  As stated in the Reviser's Note, this enactment was merely declaratory of prior statutes appearing in Title 19.  See Patchogue-Plymouth Mills Corp. v. Durning, 2 Cir., 101 F.2d 41.  We think the section inapplicable to such an action as the one at bar.  To the other jurisdictional contentions Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 supplies an authoritative answer.  There it was held that persons against whom the Postmaster General had issued a postal fraud order may sue the local postmaster to enjoin him from carrying out the order; and that the Postmaster General is not an indispensable party.  What the plaintiff in that suit desired was to have his mail delivered; that relief could be obtained by enjoining the local postmaster from stamping the mail "fraudulent" and returning it to the senders.  If he desisted from those acts, the mail would go forward in due course pursuant to the postal laws and regulations.  It required no writ of mandamus to effect the desired relief.  Similarly in the case at bar, if the court shall conclude that exclusion of the watches was unlawful, all it need do is to forbid the acting collector from making at the request or in the interest of Movado Watch Agency, Inc., any exception in the rights of entry secured to the plaintiff by the customs laws and regulations.  True, the collector will have to do some affirmative acts to effect entry of the merchandise but those are acts required by the customs laws, not by order of the court.  No writ of mandamus is necessary.  In Fred Gretsch Mfg. Co. v. Schoening, 2 Cir., 238 F. 780, this court assumed without discussion that the collector may be enjoined if his refusal of entry is unauthorized by statute.  See also Coty, Inc., v. Le Blume Import Co., Inc., D.C.S.D.N.Y., 292 F. 264, 269, affirmed, 2 Cir., 293 F. 344; Holland v. C. & A. Import Corp., D.C. S.D.N.Y., 8 F.Supp. 259, 261.

■  Being satisfied that jurisdiction was not lacking, we pass to the question whether a preliminary injunction should have been granted to enjoin the acting collector from denying entry of the merchandise.  We think it should.  By the 1939 contract the Movado company agreed that if "Grenchen" were added to "Nivada," watches so marked might come in.  This was an admission that there would be no confusion between them and the registered mark "Movado."  True, Movado did not expressly so state, and it is possible that it only meant to surrender what it thought to be its right for a consideration limited to that particular occasion.  But it does not give any such explanation of its consent, and its consent was not confined to a particular importation but was general.  It compromised its litigation with respect to "Nivada" simpliciter and "Movado" simpliciter by saying that "Grenchen" would sufficiently distinguish them.  In the absence of evidence to the contrary, we think the claim is wholly unjustified that watches so marked will result in confusion.  The plaintiff has a contract with the Swiss manufacturer to import several thousand watches and publicly advertised the sale of them.  To deny them entry will inflict upon plaintiff loss not compensable in damages.  An injunction should have been granted.

■  To enjoin the collector is not to enforce the 1939 agreement.  The agreement would be equally effective as an admission, even if the plaintiff were not the successor of Horowitz, the promisee. However, a mandatory injunction direct-

---

4.  "§ 1583.  Review of decisions on protests

    "The Customs Court shall have exclusive jurisdiction to review on protest the decisions of any collector of customs, including all orders and findings entering into the same, as to the rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury; decisions excluding any merchandise from entry or delivery, under any provision of the customs laws; and the liquidation or reliquidation of any entry, or the refusal to pay any claim for drawback or to reliquidate an entry for a clerical error as provided by the customs laws."

ing the Movado company to file its written consent to the importation would be justified only if the plaintiff has succeeded to the contract rights of Horowitz. Since that is in dispute, we think refusal of a preliminary injunction against the defendant Movado was correct. That portion of the order on appeal is affirmed. Refusal of a preliminary injunction against the acting collector is reversed and the injunction granted. The appellant is awarded the costs of appeal.