A. W. HORTON, John C. Fryer, and Camarge Trading Co., Inc., Plaintiffs,

v.

George M. HUMPHREY, Secretary of the Treasury, and United States Tariff Commission, Defendants.

Civ. A. No. 1038–56.

United States District Court District of Columbia.

June 20, 1956.

Sharp & Bogan, Washington, D. C., James R. Sharp, William J. Barnhard, Washington, D. C., of counsel, and Louis P. Haffer, Washington, D. C., for plaintiffs Horton, Fryer and Camarge Trading Co., Inc.

Albert A. Caretta, Caretta & Counihan, Washington, D. C., for Cast Iron Pipe, amicus curiae.

Herbert Brownell, Jr., Atty. Gen., George Cochran Doub, Asst. Atty. Gen., Oliver Gasch, U. S. Atty., Edward P. Troxell, Wm. F. Becker, Frank H. Strickler, Asst. U. S. Attys., Washington, D. C., Samuel Slade and John G. Laughlin, Attys., Dept. of Justice, Washington, D. C.

Before WASHINGTON, Circuit Judge, and WILKIN and McGUIRE, District Judges.

WASHINGTON, Circuit Judge.

Plaintiffs are importers of cast iron soil pipe from the United Kingdom. They are threatened with application of a "special dumping duty" under the Antidumping Act of 1921, as amended, 19 U.S.C.A. § 160 et seq. They ask a declaratory judgment that the Act is in violation of the United States Constitution, that certain procedures under the Act or under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., have not been complied with, and that certain findings of the Secretary of the Treasury and the United States Tariff Commission, defendants here, are invalid. For these reasons, they ask that the Secretary of the Treasury and his agents and subordinates be enjoined from further action under the Antidumping Act with respect to their pipe imports.

Because one of the reasons given for seeking issuance of the injunction is alleged repugnance of the Antidumping Act to the Constitution, a three-judge

district court has been convened. 28 U.S.C. § 2282 (1952). Plaintiffs urge two constitutional contentions. The first is that the effect of the Act is retroactive, in that the dumping duty may be imposed on goods imported up to 120 days prior to the time the question of dumping was first raised by or presented to the Secretary of the Treasury, and in that the time when the question is first raised or presented to the Secretary of the Treasury may itself be substantially before the importer first hears of the proceeding or of the possibility of an additional duty being imposed. This, they say, deprives plaintiffs of their property without due process. The second contention is that the failure to define important terms in the Act constitutes an invalid delegation of legislative power because it leaves the Secretary of the Treasury and the Tariff Commission free to act without any legislative standards to guide them.

The Antidumping Act has long since been ruled constitutional by the Court of Customs and Patent Appeals, Kleberg & Co. v. United States, 1933, 71 F.2d 332, 21 C.C.P.A., Customs, 110; C. J. Tower & Sons v. United States, 1934, 71 F.2d 438, 21 C.C.P.A., Patents, 417, and by the Second Circuit, Kreutz v. Durning, 1934, 69 F.2d 802. However, particularly since the Supreme Court has not passed on the matter, we feel that at least the questioned portion of the Act, which is being applied here and which is alleged to impose the tax retroactively, involves sufficient constitutional problems to warrant the holding of a three-judge court—provided jurisdiction of these problems is not placed elsewhere. In the instant case the complaint asserts that the tax will be applied to importations starting on April 21, 1954,[1] and that there was no notice to plaintiffs that would warn them of risk of liability for the duty until midsummer 1955. Taking these allegations at their face value, the hardship to plaintiffs is apparent.[2]

 Nonetheless, we think that the complaint must be dismissed. The imposition of a duty may under the statutory plan be reviewed by the Customs Court and the Court of Customs and Patent Appeals (with recourse to the Supreme Court through petition for certiorari). This statutory form of review has been held, in comparable situations, to constitute an adequate remedy at law and therefore to bar equitable relief, and to be the exclusive method of review. Boston Wool Trade Ass'n v. Snyder, 1947, 82 U.S.App.D.C. 144, 161 F.2d 648; Cottman Co. v. Dailey, 4 Cir., 1938, 94 F.2d 85; cf. Kreutz v. Durning, supra. And see Morgantown Glassware Guild, Inc., v. Humphrey, D.C.Cir., 1956, 236 F.2d 670; Patchogue-Plymouth Mills Corp., v. Durning, 2 Cir., 1939, 101 F.2d 41; Riccomini v. United States, 9 Cir., 1934, 69 F.2d 480. The fact that an importer does not need to pay a challenged duty until this method of review has been exhausted goes far to sustain the decisions just cited. So also does the possibility that the specialized customs courts may never be required to reach the question of constitutionality: they may decide for plaintiffs on some quite unrelated ground. Plaintiffs contend that the present case is different from those cited because, they say, the specialized customs courts cannot review the con-

1. Apparently this date is not a matter of administrative record but merely established by informal advice to plaintiffs; as of the administrative record the extent of retroactivity appears to be still undefined.

2. The Government argues that the risk of liability for additional duties appears from the face of the Antidumping Act itself. This seems rather unrealistic in the light of the fact that importers must usually fix prices and sell their goods as promptly as they can and in the light of plaintiffs' contention that as a practical matter they cannot keep track of the prices at which the imported items are being sold abroad. However, in Kreutz v. Durning, supra, the Second Circuit sustained the statute in spite of the retroactivity problem. And certainly any alleged retroactivity beyond the 120-day period could be raised in the Customs Court, as well as the question of the validity of any retroactivity during that statutory period.

stitutionality of the Act or whether the Secretary of the Treasury's findings or those of the Tariff Commission are supported by the evidence. That the jurisdiction of the Customs Court and the Court of Customs and Patent Appeals extends beyond the mere review of accuracy of appraisals and classifications of merchandise is shown by the cases noted above, and particularly those in which the Court of Customs and Patent Appeals passed on the constitutionality of the Antidumping Act; see also United States v. Central Vermont Ry. Co., 1929, 17 C.C.P.A., Customs, 166.[3] It is true that in T. M. Duche & Sons v. United States, 1948, 36 C.C.P.A., Customs, 19, certiorari denied, 1949, 336 U.S. 931, 69 S.Ct. 738, 93 L.Ed. 1091, and T. M. Duche & Sons v. United States, 1952, 39 C.C.P.A., Customs, 186, certiorari denied, 344 U.S. 830, 73 S.Ct. 35, 97 L.Ed. 646, the court did decline to examine the validity of certain actions of the Tariff Commission and the President, but this was only because of the theory that these actions could not be reviewed by any judicial body, and not because of any limitation of jurisdiction peculiar to the Customs Court or the Court of Customs and Patent Appeals.[4]

We recognize, of course, that neither the Customs Court nor the Court of Customs and Patent Appeals appears to have the equity powers of a district court. See 28 U.S.C. §§ 1541–43, 1581–83

(1952). Thus in import duty matters, if the jurisdiction of the Customs Court and the Court of Customs and Patent Appeals is exclusive, there may be no way to obtain the equitable relief in situations of extreme hardship which the Supreme Court has occasionally permitted in internal revenue cases despite the statute[5] flatly prohibiting injunctions in tax matters. E. g., Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Hill v. Wallace, 1922, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822. Since the threat of imposition of the dumping duty is alleged by the complaint to have forced plaintiffs out of the business of importing the type of pipe involved, the case might—as an original proposition—fall within the exceptions the Supreme Court has carved in this statute, even though (as we have noted) plaintiffs would not have to pay the additional duty until they had exhausted their remedy in the Customs Court and in the Court of Customs and Patent Appeals. But we think it is too clearly established that those courts provide an adequate and exclusive remedy in this sort of case for us to make an exception here.

Accordingly, the cause will be remitted to District Judge McGUIRE, sitting as a single judge, for appropriate action not inconsistent with this opinion.

So ordered.

---

3. Cf. 28 U.S.C. § 1583 (1952), which gives the Customs Court exclusive jurisdiction to review "the decisions of any collector of customs, *including all orders and findings entering into the same*, as to the rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury * * *." (Emphasis supplied.)

4. Cf. David L. Moss Co. v. United States, 1939, 103 F.2d 395, 26 C.C.P.A., Patents, 381.

5. Int.Rev.Code of 1954 § 7421, 26 U.S.C. § 7421. This section is applicable to tariff matters. Cottman Co. v. Dailey, supra. With respect to plaintiffs' requests for declaratory relief it should be noted that 28 U.S.C. § 2201 (1952), creating the remedy of a declaratory judgment, specifically excepts controversies regarding Federal taxes from those cases in which declaratory relief may be given.