Shirley MOON, Plaintiff,

v.

Orville FREEMAN, as Secretary of Agriculture, and Commodity Credit Corporation, Defendants.

Civ. A. No. 2651.

United States District Court
E. D. Washington, N. D.

Sept. 10, 1965.

838

Savage & Nuxoll, Colfax, Wash., for plaintiff.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for defendants.

Before HAMLEY, Circuit Judge, and BOWEN and POWELL, District Judges.

HAMLEY, Circuit Judge:

Shirley Moon, an Eastern Washington wheat farmer, commenced this action against Orville Freeman, as Secretary of Agriculture, to recover judgment in the sum of $168.52 for funds expended by Moon on the purchase of wheat marketing export certificates. In the alternative, plaintiff asked that the Secretary of Agriculture be enjoined from further enforcement of that portion of the Agricultural Adjustment Act of 1938, as amended, 52 Stat. 31 et seq. (1938), 7 U.S.C. § 1281 et seq. (1964), relating to the requirement for purchase of wheat marketing export certificates.[1]

The indicated monetary and injunctive relief was sought on the ground that the wheat marketing export certificates constitute a tax or duty on exports in contravention of Article I, Section 9, Clause 5 of the Constitution of the United States. Title 28 U.S.C., § 2282 (1964) provides that injunctive relief restraining the enforcement, operation or execution of an Act of Congress for repugnance to the Constitution of the United States shall not be granted by a district court unless the application therefor is heard and determined by a district court of three judges under 28 U.S.C. § 2284 (1964). A district court of three judges was therefore duly constituted, consisting of the judges named above.

The Secretary of Agriculture answered the complaint raising various defenses. A stipulation of facts was thereafter entered into, followed by cross motions for summary judgment. A pretrial order restating the issues and superseding the pleadings was then entered. At the hearing on the cross motions for summary judgment the court granted the oral motion of the Secretary of Agriculture to amend the pretrial order to add certain additional jurisdictional questions. At the same time the court granted the oral motion of Moon to amend the pretrial order to permit the addition of Commodity Credit Corporation as a party defendant.

An amended complaint was thereafter filed, naming Commodity Credit Corporation as an additional defendant, and a summons was issued to, and served upon, that corporation. Commodity Credit Corporation duly answered, invoking defenses similar to those previously advanced by the Secretary of Agriculture.

At the outset we are confronted with defendants' contention that an injunction cannot possibly issue in this case, and that the three-judge court is therefore without jurisdiction and should be dissolved. For the reasons stated below, we are in agreement with this contention.

Moon does not claim to be entitled to any relief, monetary or injunctive, unless the wheat marketing export certificates in question constitute a tax or duty on exports within the meaning of, and pro-

[1]. The wheat marketing allocation program, under which the issuance of wheat marketing export certificates is provided for, was added by 76 Stat. 626 (1962), 7 U.S.C. § 1379a-j (1964).

scribed by, Article I, Section 9, Clause 5 of the Constitution. But if he establishes that the certificates do constitute such a tax or duty he is confronted by section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a) (1964). That statute provides, with statutory exceptions not here applicable, that "* * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." [2]

It has been held that a duty on imports is a tax within the meaning of section 7421(a). Horton v. Humphrey, D.C.D.C., 146 F.Supp. 819, 821, aff'd per curiam, 352 U.S. 921, 77 S.Ct. 224, 1 L. Ed.2d 157. Similarly, we think that a duty on exports is a tax within the meaning of that statute. Thus if Moon is correct in asserting that the wheat marketing export certificates in issue constitute a tax or duty, which contention he must sustain in order to obtain any relief, he thereby precludes himself, under section 7421(a), from obtaining injunctive relief.[3]

Since the allegations of the complaint presented on their face every prerequisite to three-judge action under 28 U.S.C. § 2282, such a court was properly constituted. But where, as here, it becomes apparent upon final hearing that there was never any basis for injunctive relief, and at most the only relief which could be granted is monetary, there is no longer any occasion for proceeding under section 2282. See Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318, cited with approval in California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323.

Accordingly, and in keeping with the procedure followed in Horton v. Humphrey, supra, the cause will be remitted to District Judge Powell, sitting as a single judge, for appropriate action not inconsistent with this opinion.

2. Apart from the statutory exceptions to the application of section 7421(a), the rule is established that, under other extraordinary and exceptional circumstances such a suit for injunctive relief may be maintained notwithstanding section 7421 (a). See Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Walker v. Internal Revenue Service, 9 Cir., 333 F.2d 768, 771. No extraordinary or exceptional circumstances of the kind referred to in those cases are present here.

3. There is also another reason why Moon is precluded from obtaining injunctive relief in this case. While the Secretary of Agriculture has been named a defendant, along with the Commodity Credit Corporation, the judgment sought would necessarily expend itself on the public treasury or domain, or interfere with the public administration. The suit must therefore be regarded as one against the United States. See Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15. The only consent Congress has given to sue with regard to the operation of the wheat marketing export program is that applicable to the Commodity Credit Corporation in 15 U.S.C. § 714b(c) (1964). That subsection provides, in material part, that the corporation may sue and be sued, "* * * but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Corporation or its property."