**J. M. ALTIERI, Plaintiff,**

v.

**UNITED STATES of America; the Secretary of the Treasury of the United States; Rafael A. Torrens, District Director of Customs; Van's Shops of Puerto Rico, Inc., Defendants.**

**Civ. No. 181–69.**

United States District Court
D. Puerto Rico.

April 8, 1969.

Robert N. Altman, San Juan, P. R., for plaintiff.

Candita M. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendants.

### ORDER

CANCIO, Chief Judge.

This action seeks to enjoin defendants from proceeding against plaintiff and/or his surety bond to enforce collection of the customs duties due to the United States Government for consumption entries 209316 of December 14, 1967 and 210331 of December 28, 1967; to have this Court enter a declaratory judgment deciding the rights of the par-

ties; and to hold defendant Van's Shops of P. R., Inc., liable for customs duties amounting to $3,383.80 and penalties due and owing to the United States Government.

Defendants United States of America, the Secretary of the Treasury of the United States, and the District Director of Customs, were temporarily restrained on March 12, 1969 from collecting such customs duties, and were directed to show cause why such temporary restraining order should not be made permanent. At the hearing held on March 21, 1969 on the order to show cause, the defendants United States of America, the Secretary of the Treasury of the United States and the District Director of Customs submitted the matter on a written motion to dismiss this action and to vacate the temporary restraining order, together with a memorandum of law in support thereof. The Court continued the temporary restraining order for an additional period of 10 days and the plaintiff agreed to submit a reply memorandum of law in support of his contentions. Said memorandum of law was duly filed on March 28, 1969.

The Court has given full consideration to the allegations of this complaint and the memorandums submitted by the parties, and is now fully advised in the premises.

■ Under Section 1583 of Title 28, U.S.C., the exclusive jurisdiction over the subject matter of this action lies in the United States Customs Court and the United States Court of Customs and Patent Appeals to review all findings and orders of customs officers made pursuant to the Tariff Laws of the United States. See Eastern States Petroleum Corp. v. Roger, 108 U.S.App.D.C. 63, 280 F.2d 611, cert. denied 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187; Cottman Co. v. Dailey, 94 F.2d 85 (4th Cir. 1938); Horton v. Humphrey, 146 F.Supp. 819 (D.D.C.), aff'd. without opinion, 352 U.S. 921, 77 S.Ct. 224, 1 L.Ed.2d 157 (1956); Argosy Limited v. Hennigan, 404 F.2d 14, (5 Cir. 1968).

■■ Even assuming that this Court has jurisdiction to grant the extraordinary writ sought, there would be no need to exercise such jurisdiction, as plaintiff has an adequate remedy at law by paying the duty under protest and seeking to recover it in the Customs Court. It is well settled that the filing of a consumption entry does not estop a claimant from challenging the assessment of a customs duty. United States v. Puerto Rico Coal Co., 17 CCPA 288 (1929).

■■ Furthermore, the relief specifically prayed for by plaintiff is barred by Section 7421 of the Internal Revenue Code of 1954 (26 U.S.C. § 7421), which has been interpreted by the Courts to prohibit suits to restrain the assessment of customs duties. Cottman v. Dailey, 94 F.2d 85, 89, (4th Cir. 1938); Horton v. Humphrey, 146 F.Supp. 819, 821 n-5 (DDC), aff'd. without opinion, 352 U.S. 921, 77 S.Ct. 224, 1 L.Ed.2d 157 (1956). Nor is this Court empowered to enter a declaratory judgment with respect to customs duties. Horton v. Humphrey, supra.

Therefore, the temporary restraining order should be and is hereby vacated and the complaint should stand dismissed.

It is so ordered.