INGRAM CONTRACTORS, INC.,
Plaintiff-Appellant,

v.

UNITED STATES of America, Michael Blumenthal, Secretary of the Treasury, the Department of the Treasury, Robert E. Chason, Commissioner of Customs and U. S. Customs Service, Defendants-Appellees.

No. 78–2542

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1979.

Rehearing Denied May 2, 1979.

Monroe & Lemann, Robert J. Fritz, Benjamin R. Slater, Jr., Richmond Eustis, New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., Michaelle F. Pitard, Asst. U.S. Atty., New Orleans, La., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Ingram Contractors, Inc. (Ingram), brought suit in the district court to avoid payment of over $200,000 in customs duties. Jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331(a) [1] and 1355 (1976).[2] The

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. 28 U.S.C. § 1331(a) (1976) provides:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or trea-

ties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

2. 28 U.S.C. § 1355 (1976) provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery

defendants moved for dismissal for want of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), on the ground that Congress has given controversies such as this one exclusively to the United States Customs Court to resolve. The district court granted the motion and entered final judgment dismissing the action. We affirm.

On March 5, 1970, Derrick Barge No. 3, owned by Ingram and documented under the laws of the United States, arrived at Orange, Texas. The barge had been outside the United States and had undergone certain repairs in a foreign country. On March 6, 1970, Vessel Repair Entry No. 10006, covering these foreign repairs, was made with the Bureau of Customs (now the United States Customs Service, hereinafter referred to as Customs). Ingram subsequently urged Customs to exempt the barge from duty, claiming, alternatively, that the vessel was not subject to duty and that the repairs had been brought about by stress of weather. Customs granted Ingram several extensions of time, through September 30, 1972, to file an application for relief from the duties. On September 28, 1972, Ingram wrote Customs reiterating its position that the barge was not subject to duty. On February 2, 1977, Customs denied Ingram's application for relief and advised Ingram that the duties would be finally computed. On March 4, 1977, Ingram replied that the Government's claim for duties had become time-barred.

On April 4, 1978, Customs demanded payment of the duties; on May 3, it refused to grant Ingram any further extension and advised Ingram that the matter would be forwarded to the United States Attorney's Office for collection. Five days later Ingram instituted this suit to enjoin the Government's collection effort. Ingram also filed a petition with Customs requesting that the Secretary of the Treasury review the imposition of the duties. That petition is still pending.

Ingram contends that its claim "arises under" the laws of the United States; therefore, the district court's subject matter jurisdiction was properly invoked under 28 U.S.C. § 1331(a) (1976). Congress has provided, however, that the Customs Court shall have exclusive jurisdiction of all civil actions challenging an administrative decision of Customs. 28 U.S.C. § 1582(a) (1976).[3] As this court has noted, the purpose of section 1582 is to provide " 'a complete system of corrective justice with respect to matters arising under the customs laws.' " *Argosy Ltd. v. Hennigan,* 404 F.2d 14, 20 (5th Cir. 1968). Thus, the exclusive jurisdictional grant of section 1582 overrides the general grant of jurisdiction conferred on district courts by sections 1331 and 1355 and any other statute. This court did note in *Argosy* that "in exceptional or extraordinary circumstances a district court may properly enjoin acts by [the Customs Service], when such acts threaten irreparable injury." We explained there, however, that "the term 'exceptional or extraordinary circumstances' implies the unavailability of an adequate remedy at law." *Id.* at 21. The remedy provided by Congress in the customs regulatory scheme is generally deemed adequate, even though it may impose some hardship on the claimant, *see Horton v. Humphrey,* 146 F.Supp. 819, 821

or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress.

3. 28 U.S.C. § 1582(a) (1976) provides:

The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: (1) the appraised value of merchandise; (2) the classi-

fication and rate and amount of duties chargeable; (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; (4) the exclusion of merchandise from entry or delivery under any provisions of the customs laws; (5) the liquidation or reliquidation of an entry, or a modification thereof; (6) the refusal to pay a claim for drawback; or (7) the refusal to reliquidate an entry under section 520(c) of the Tariff Act of 1930, as amended.

**834**

(D.D.C.), *aff'd,* 352 U.S. 921, 77 S.Ct. 224, 1 L.Ed.2d 157 (1956).

 Ingram contends that it has no adequate remedy at law because it has not met the procedural jurisdictional prerequisites of the Customs Court, *see* 19 C.F.R. § 4.14 (1978). It is debatable whether Ingram has filed a proper protest with Customs and, if it has, whether the protest has been disposed of administratively in such a manner that Ingram is now entitled to institute proceedings in the Customs Court.[4] Ingram suggests that any inability on its part to satisfy the prerequisites to Customs Court jurisdiction has been caused by Customs's failure to abide by its own regulations. This failure, Ingram says, may have prevented it from filing a valid protest and operated as a denial of due process.

These arguments, as well as the other objections Ingram has interposed to avoid payment of the duties in question, should be addressed to the Customs Court, not to the district court and this court of appeals. *See J. C. Penney Co. v. United States Treasury Department,* 439 F.2d 63, 68 (2d Cir.), *cert. denied,* 404 U.S. 869, 92 S.Ct. 60, 30 L.Ed.2d 113 (1971). The Customs Court has full power to rule on the constitutional and procedural questions Ingram has raised. *Morgantown Glassware Guild v. Humphrey,* 98 U.S.App.D.C. 375, 236 F.2d 670, 671–72, *cert. denied,* 352 U.S. 896, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956); *see, e. g., Cottman Co. v. Dailey,* 94 F.2d 85, 89 (4th Cir. 1938).

In sum, Ingram still has an adequate remedy in Customs Court; or it had an adequate remedy that it failed to pursue. Moreover, once Ingram's pending petition with Customs has received final disposition, that decision can be appealed to the Customs Court. *See Suwannee Steamship Co. v. United States,* 354 F.Supp. 1361, 1369 (Cust.Ct.1973). Ingram has failed to demonstrate that it has no adequate remedy at law or that Customs has deprived him of the remedies provided him by law. It has not presented the "exceptional circumstances" that must exist before a district court may exercise jurisdiction over a matter committed to the Customs Court for resolution.

Because we are convinced that the district court lacked subject matter jurisdiction, it is unnecessary for us to discuss the last argument pressed by Ingram in this appeal—the propriety of the district court's stay of discovery pending its disposition of the jurisdictional issue. Therefore, the judgment of the district court is AFFIRMED.

---

4. 28 U.S.C. § 1582(c) (1976) provides:

The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, and (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, all liquidated duties, charges or exactions have been paid at the time the action is filed.