DORAN, INC., Plaintiff,

v.

JAMES A. GREEN, JR. & CO., Defendant/Third-Party Plaintiff,

v.

John W. WHITAKER et al., Third-Party Defendants,

and

Department of Treasury, U. S. Customs Service, Third-Party Defendant.

No. 80–0933–CV–W–5.

United States District Court, W. D. Missouri, W. D.

March 17, 1981.

Thomas Bender, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, Mo., for plaintiff.

George S. Murray, III, Charles C. Shafer, Jr., Kansas City, Mo., for defendant/third-party plaintiff.

Mark Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for Dept. of Treasury, U. S. Customs Service.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

In a Memorandum and Order entered February 4, 1981, this Court on its own motion raised the issue of whether the above-entitled cause had been removed properly from state court. The United States Customs Service removed this case to federal district court after James A. Green, Jr. & Co. (Green), in conjunction with a lawsuit brought against Green by Doran, Inc., filed a third-party petition against the Customs Service and two named individuals. The Customs Service's petition for removal indicated that both the general removal statute, 28 U.S.C. § 1441, and the federal officer removal statute, 28 U.S.C. § 1442(a), authorized removal of this case to federal court. But in the order of February 4, 1981, the Court questioned whether removal was proper under either statutory provision cited by the Customs Service and directed the Customs Service to show cause why this case should not be remanded to state court. In a prolix response, the Customs Service apparently concedes that § 1442(a), the federal officer removal statute, does not provide a valid basis for removing this case to federal court, but argues vigorously, if not somewhat paralogically, that removal was proper under § 1441. However, for the reasons stated below, the Court concludes that this case was removed improvidently and without jurisdiction from state court.

Green's third-party petition purports to state a tort claim against the Customs Service. Green alleges that the Customs Service "negligently" ordered that a duty be paid on a shipment of artificial flowers imported by Doran, Inc. Insisting that the shipment actually should have entered the United States duty-free, Green asks the Court to find that the Customs Service is the mistaken beneficiary of $1,962.45, the amount of the duty paid, and to declare that the Customs Service holds this sum in an "equitable constructive trust" for Doran. Based on Green's characterization of its claim, the Customs Service asserts that if this action had been initially filed in district court, this Court would have original jurisdiction over the lawsuit under 28 U.S.C. § 1346(b). Further, proceeding upon the assumption that the case might have been brought here originally, the Customs Service maintains that removal was appropriate under § 1441 even though the case was removed by a third-party defendant. The Court need not consider the Customs Service's arguments in support of removal of third-party claims, however, since it is patent that the Court would not have original jurisdiction over this cause of action under § 1346(b).

■ Succinctly stated, § 1346(b) provides that the district courts shall have exclusive jurisdiction over civil actions brought against the United States pursuant to the

Federal Tort Claims Act (FTCA). The FTCA is found in chapter 171 of Title 28, United States Code, §§ 2671–2680, and by its terms, § 1346(b) is subject to the provisions of that chapter. As relevant here, § 2680 of chapter 171 provides that § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty. . . ." 28 U.S.C. § 2680(c). Clearly, Green's claim against the Customs Service arises out of the assessment or collection of a customs duty and, as such, it is expressly excluded from the jurisdictional grant of § 1346(b) and could not be maintained in this Court even if originally filed here. Hence, since Green could not have brought its suit against the Customs Service in federal court as an original action under § 1346(b), that statute obviously cannot serve as the basis for the Court's subject matter jurisdiction upon removal.

█ Beyond the foregoing, the Court finds yet another reason why removal of this case from state court was improvident. It is firmly established that a district court's removal jurisdiction under § 1441 is derivative, *i.e.*, the district court can acquire jurisdiction over a case removed from state court only if the state court had jurisdiction over the subject matter at the time of removal. *Lambert Run Coal Co. v. Baltimore & O. R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Koppers Co. v. Continental Casualty Co.*, 337 F.2d 499, 501–02 (8th Cir. 1964). Green's cause of action clearly is one over which the state court lacked jurisdiction. Congress has provided that the United States Customs Court shall have *exclusive* jurisdiction of controversies arising out of the assessment and collection of customs duties, 28 U.S.C. § 1582(a), and the exclusive jurisdiction of the Customs Court overrides the general grant of jurisdiction conferred upon state courts and district courts. *See, e.g., Ingram Contractors, Inc. v. United States*, 592 F.2d 832, 833 (5th Cir. 1979); *Flintkote Co. v. Blumenthal*, 469 F.Supp. 115, 123 (N.D.N.

Y.), *aff'd*, 596 F.2d 51 (2d Cir. 1979); *SCM Corp. v. United States*, 450 F.Supp. 1178, 1182 (U.S.Cust.Ct.1978). Consequently, because Green's claim against the Customs Service falls within the exclusive jurisdiction of the Customs Court, this action could neither be removed here from state court nor filed in this Court as an original action. Moreover, since both this Court and the state court from which the case was removed lack subject matter jurisdiction over Green's third-party suit against the Customs Service, Green's complaint against the Customs Service should be dismissed rather than remanded. *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex. 1979); *Dickinson v. Chrysler Corp.*, 456 F.Supp. 43, 48 (E.D.Mich.1978). However, Doran's primary action against Green, and Green's third-party action against Whitaker and O'Neill, appear to allege claims cognizable in state court and should be remanded to that forum. *Thorp v. Serraglio*, 464 F.Supp. 149, 151 (N.D.Ohio 1978). In accordance with the foregoing Memorandum and Order, it is therefore

ORDERED that James A. Green, Jr. & Co.'s third-party petition against the United States Customs Service be, and is hereby, dismissed for lack of subject matter jurisdiction. It is further

ORDERED that the remaining actions in this case be, and are hereby, remanded to state court and the Clerk of this Court is directed to send a certified copy of this order to the Clerk of the Associate Circuit Court of Jackson County, Missouri.